**UNITED STATES DISTRICT COURT**
**SOUTHERN DIVISION OF FLORIDA**

**ORLANDO CALVAY,**

                                            **CASE NO.:**

        Plaintiff,

v.

**MIDLAND CREDIT MANAGEMENT,**
**INC.,**

        Defendant.

---

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff ORLANDO CALVAY ("Plaintiff") through Plaintiff's attorneys, brings this lawsuit to challenge the actions of Defendant MIDLAND CREDIT MANAGEMENT, INC. ("Defendant") with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3.  Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a Plaintiff, or to a Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4.  While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5.  Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6.  Unless otherwise indicated, the use of any Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of that Defendant named.

## JURISDICTION AND VENUE

7.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1692; and, 28 U.S.C. § 1367 for supplemental state claims.

8.  This action arises out of Defendant's violations of Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"); and, Florida Statutes §559.77(2), §559.72(7), Florida Statutes §559.72(9)

9.  Because Defendant conducts business within the State of Florida, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Broward, State of Florida which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in Broward County, State of Florida, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

2

12. Plaintiff is informed and believes, and thereon alleges, that Defendant is located in the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by 15 U.S.C. § 1692a(6).

**FACTUAL ALLEGATIONS**

14. At all times relevant, Plaintiff is an individual residing within the State of California.

15. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

16. Sometime prior to 2019, Plaintiff allegedly incurred financial obligations to the original creditor, Synchrony Bank., that were money, property, or their equivalent, which are due or owing, or alleged to be due or owing, from a natural person to another person and were therefore a "consumer debt" as that term is defined by 15 U.S.C. § 1692a(5).

17. Sometime thereafter, Plaintiff fell behind in the payments owed on the debt.

18. Following Plaintiff's delinquency, Synchrony Bank allegedly transferred, placed or assigned Plaintiff's alleged debt to Defendant for collection.

19. As a result of Plaintiff's alleged delinquency, Plaintiff has received written and telephonic communications from Defendant attempting to collect Plaintiff's alleged debt.  These letters constitute "debt collection" as that phrase is defined by 15 U.S.C. § 1692a(6).

20. On June 5, 2019, Plaintiff informed Defendant via certified mail that Plaintiff refused to pay Plaintiff's debt alleged to be owed to Defendant.

21. Thereafter, Defendant received Plaintiff's refusal to pay letter on July 8, 2019 at 1:59 p.m.

22. Despite receiving Plaintiff's written request, Defendant has continued to contact Plaintiff with regard to Plaintiff's alleged debt, including, but not limited to, a written communication dated July 17, 2019; August 28, 2019; December 4, 2019; and, December 11, 2019.

23. Such contact after a refusal to pay letter was received constitutes a violation of 15 U.S.C. § 1692c(c).

**CAUSES OF ACTION CLAIMED BY PLAINTIFF**

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. §§ 1692-1692(p) (FDCPA)**

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA.

26. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each Defendant individually.

**COUNT II**

**VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Florida Statutes §559.72(7) states:
    "In collecting debts, no person shall…

    **(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.**

29. The foregoing acts and omissions constitute numerous and multiple violations of the FCCPA..

30. As a result of each and every violation of the FCCPA, pursuant to Florida Statute

§559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to

$1,000.00 per violation, together with reasonable attorneys' fees and court costs.

## Count III

### VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. Florida Statutes §559.72(9) states:

**"In collecting consumer debts, no person shall:**

**(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.**

33. To state a claim for violation under § 559.72(9) of the FCCPA, it must be alleged that the defendant asserted a legal right that did not exist and that the defendant had actual knowledge that the right did not exist. *Pollock v. Bay Area Credit Service, LLC*, 2009 WL 2475167 at * 9 (S.D. Fla. Aug. 13, 2009). An allegation that an attempt to collect a debt in violation of state or federal law is sufficient to state a claim that defendant asserted a legal right that did not exist. *Brook v. Suncoast Schools, FCU*, 2012 WL 6059199 at * 3 (M.D. Fla. Dec. 6, 2012) (complaint stated a plausible claim for relief where plaintiff alleged that defendant asserted a legal right that did not exist by attempting to collect a debt in violation of the FDUTPA and the TCPA).

34. As set forth above, Defendant has on multiple occasions contacted Plaintiff by written communications despite receiving a refusal to pay letter by Plaintiff.

35. By attempting to collect a debt in violation of the FDCPA, Defendant asserted a legal right that did not exist in violation of Florida Statutes §559.72(9).

36. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged.

37. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorneys' fees and court costs.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1), against each named Defendant individually;

- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against each named Defendant individually;

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3), against each named Defendant individually;

- An award of actual damages, statutory damages of up to $1,000.00 per violation, together with reasonable attorneys' fees and court costs pursuant to Florida Statutes §559.77(2), §559.72(7), Florida Statutes §559.72(9);

- Any and all other relief that this Court deems just and proper.

**TRIAL BY JURY**

38.   Pursuant to the seventh amendment to the Constitution of the United States of America,

Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 22, 2020                                          Respectfully submitted,

                                                        **/s/ Jonathan Benjamin**
                                                        JONATHAN BENJAMIN
                                                        Florida Bar No. 91315
                                                **BENJAMIN LAW PRACTICE, PLLC**
                                                        4581 Weston Road, Suite 155
                                                        Weston, FL 33331
                                                        Telephone: (954) 716-8362
                                                        Facsimile: (954) 477-8020
                                                        Attorney for Plaintiff,
                                                        **ORLANDO CALVAY**

**CERTIFICATE OF SERVICE**

***I HEREBY CERTIFY*** that on JANUARY 22, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF System and that the forgoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                        **/s/ Jonathan Benjamin**
                                                        JONATHAN BENJAMIN
                                                        Florida Bar No. 91315
                                                **BENJAMIN LAW PRACTICE, PLLC**
                                                        4581 Weston Road, Suite 155
                                                        Weston, FL 33331
                                                        Telephone: (954) 716-8362
                                                        Facsimile: (954) 477-8020
                                                        Attorney for Plaintiff,
                                                        **ORLANDO CALVAY**